IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SCOTT JOHNSON SPECIALTY SERVICES, LLC**                    **PLAINTIFF**

v.                                    CIVIL ACTION NO.: 5:23-CV-62-DCB-LGI

**KOMATSU FINANCIAL LIMITED PARTNERSHIP**                    **DEFENDANT**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Scott Johnson Specialty Services, LLC ("SJSS"), files this Complaint against Komatsu Financial Limited Partnership ("Komatsu"), and in support thereof, would show the following:

### PARTIES

1. Plaintiff SJSS is a limited liability company formed under the laws of the State of Mississippi. All members of SJSS are citizens of the State of Mississippi. Therefore, SJSS is a citizen of Mississippi.

2. Defendant Komatsu is a limited partnership formed under the laws of the State of Delaware and having its principal place of business in Illinois. Komatsu has two general partners: Komatsu America Corp. and KDC Financial Corp. Komatsu America Corp. is a corporation formed under the laws of the State of Georgia, with its principal place of business in Illinois. KDC Financial Corp. is a corporation formed under the laws of the State of Delaware, with its principal place of business in Illinois. Therefore, Komatsu is a citizen of Georgia, Illinois, and Delaware. Komatsu's registered agent for service of process is C T Corporation System, which can be served with process at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) inasmuch as the matter in controversy exceeds the amount or value of $75,000.00 and there is

1

complete diversity of citizenship between SJSS and Komatsu. SJSS is a citizen of the State of Mississippi whereas Komatsu is not a citizen of the State of Mississippi. Further, the alleged deficient balance is exceeds $650,000.00 for the equipment leased and/or purchased under the Agreements at issue that SJSS seeks to enforce, and pursuant to which, SJSS seeks a declaration from this Court that Komatsu's claims are terminated or otherwise unenforceable.

4. This is also a case of actual controversy, and thus this Court has authority under 28 U.S.C. § 2201 to declare the rights and other legal relations between SJSS and Komatsu arising under the Agreements which are the subject of this action.

5. Pursuant to Fed. R. Civ. P. 57, SJSS requests that the Court order a speedy hearing of this declaratory judgment action.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**FACTS**

7. SJSS is a small business offering demolition, excavation, and other heavy equipment services to residential, commercial, and public entity customers.

8. SJSS executed several agreements with Komatsu, including 1 purchase agreement and 3 lease agreements, for SJSS's use and operation of certain equipment.

9. The 3 lease agreements were executed pursuant to and made part of the Advantage Lease-Master Equipment Lease No. 95559 between Komatsu and SJSS (hereinafter "Master Equipment Lease"). The Master Equipment Lease is attached to the Complaint as Exhibit "A."

10. These agreements (collectively referred to herein as the "Agreements") are the basis for this action.

### D85EX-15EO Crawler Dozer, S/N 12021

11. On May 11, 2018, SJSS and Komatsu executed an agreement whereby Komatsu leased a KOMATSU D85EX-15EO Crawler Dozer, S/N 12021 to SJSS for a 24-month period ending on May 14, 2020 (hereinafter "Agreement 1"). Agreement 1 is attached to the Complaint as Exhibit "B."

12. Under Agreement 1, SJSS agreed to pay a total of $194,000.00 in exchange for the leased Dozer, payable in 24 rentals of $8,100.00, plus applicable taxes, commencing May 11, 2018, and on the 15th day of each month thereafter.

13. Agreement 1 also had a purchase option whereby SJSS could exercise its option to purchase the Dozer at the end of the initial term of the lease or at the end of the renewal term (if applicable).

14. SJSS returned the equipment to Komatsu on June 14, 2019.

15. Komatsu subsequently sold the D85EX-15EO Crawler Dozer, S/N 12021 for $138,805.00. A copy of the relevant Invoice No. 30150022 is attached to the Complaint as Exhibit "C."

### D8EX-18 Crawler Dozer, S/N 22001

16. On May 11, 2018, SJSS and Komatsu executed an agreement whereby Komatsu leased a KOMATSU D8EX-18 Crawler Dozer, S/N 22001 to SJSS for a 24-month period ending on May 14, 2020 (hereinafter "Agreement 2"). Agreement 2 is attached to the Complaint as Exhibit "D."

17. Under Agreement 2, SJSS agreed to pay a total of $232,800.00 in exchange for the leased Dozer, payable in 24 rentals of $9,700.00, plus applicable taxes, commencing May 11, 2018, and on the 15th day of each month thereafter.

18. Agreement 2 also had a purchase option whereby SJSS could exercise its option to purchase the Dozer at the end of the initial term of the lease, or at the end of the renewal term (if applicable).

19. SJSS returned the equipment to Komatsu on June 14, 2019.

20. Komatsu subsequently sold the D85EX-18 Crawler Dozer, S/N 22001 for $160,000.00. A copy of the relevant Invoice No. 112534853 is attached to the Complaint as Exhibit "E."

### D8EX-18 Crawler Dozer, S/N 22104

21. On May 11, 2018, SJSS and Komatsu executed an agreement whereby Komatsu leased a KOMATSU D8EX-18 Crawler Dozer, S/N 22104 to SJSS for a 24-month period ending on May 14, 2020 (hereinafter "Agreement 3"). Agreement 3 is attached to the Complaint as Exhibit "F."

22. Under Agreement 3, SJSS agreed to pay a total of $232,800.00 in exchange for the leased Dozer, payable in 24 rentals of $9,700.00, plus applicable taxes, commencing May 11, 2018, and on the 15th day of each month thereafter.

23. Agreement 3 also had a purchase option whereby SJSS could exercise its option to purchase the Dozer at the end of the initial term of the lease, or at the end of the renewal term (if applicable).

24. SJSS returned the equipment to Komatsu on June 14, 2019.

25. Komatsu sold the D85EX-18 Crawler Dozer, S/N 22104 for $152,000.00. A copy of the relevant Invoice No. 180064059 is attached to the Complaint as Exhibit "G."

### Terramac RT9

26. On November 26, 2018, SJSS executed a purchase agreement whereby SJSS purchased a Terramac RT9 Crawler Carrier (Serial No. 9G0306) and a Terramac RT9 Crawler Carrier (Serial No. 9F0286) for a total sales price of $496,420.32 after additional taxes and expenses (hereinafter "Agreement 4"). Agreement 4 is attached to the Complaint as Exhibit "H."

27. Under Agreement 4, SJSS would make a total of 48 payments in the amount of $10,342.09.

28. SJSS returned the Terramacs to Komatsu on June 14, 2019.

29. Komatsu sold the two Terramacs (the subject of Agreement 4) for a collective amount of $250,000.00. A copy of the relevant Invoice No. 112335433 is attached to the Complaint as Exhibit "I."

### Komatsu's Collection Attempts

30. Following SJSS's return and Komatsu's sale of the above-mentioned equipment, Komatsu informed SJSS that SJSS's deficiency balance for the equipment remained due and owing, and the net proceeds from the liquidation were to be applied to SJSS's obligation. *See* Deficiency Collection Letters, attached to the Complaint as Exhibit "J."

31. According to Komatsu, the "net sale proceeds received by Komatsu from the liquidation of the Equipment was not sufficient to cover the outstanding balance due and owing under the Purchase Agreement(s)[.]" *See* Ex. J.

32. However, Komatsu sold the equipment for amounts well below the fair market price, thus resulting in an artificially high deficiency balance for SJSS.

33. Komatsu's resale of the equipment was not commercially reasonable.

34. Komatsu alleges that SJSS has a deficiency balance in the amount of $645,901.46, calculated by Komatsu as follows:

- Agreement 1 Deficiency Balance:   $116,050.05
- Agreement 2 Deficiency Balance:   $178,439.18
- Agreement 3 Deficiency Balance:   $172,171.73
- Agreement 4 Deficiency Balance:   $179,240.50.

35. In addition to the liquidation amounts that were well below fair market price and were not commercially reasonable, Komatsu's deficiency balance is also based upon the improper assumption that SJSS is <u>required</u> to exercise the purchase option upon default. However, the Master Equipment Lease expressly states that SJSS may not exercise the purchase option when in default. *See* Ex. A, ¶ 9(b).

36. SJSS is not liable for the amounts stated by Komatsu as owed. SJSS informed Komatsu of same. *See* SJSS Letter to Komatsu, attached to the Complaint as Exhibit "K."

37. SJSS paid a total of $253,664.96 to Komatsu between May 11, 2018 and March 11, 2019, under the Agreements.

## Count I
## Declaratory Judgment

38. SJSS hereby incorporates and adopts by reference each and every allegation set forth in all of the above Paragraphs of the Complaint.

39. Komatsu's act of selling the equipment for a far lower value than was said to be owed or the actual value has adversely impacted any alleged deficient balance owed by SJSS.

40. Moreover, Komatsu's attempts to force SJSS to exercise the purchase option for the subject equipment upon default flatly contradicts the Master Equipment Lease's terms.

41. As such, an actual controversy exists between Komatsu and SJSS.

42. A declaratory judgment as to SJSS' liability in this matter will clarify and settle the legal relations of the parties and will terminate the controversy giving rise to this proceeding.

## PRAYER FOR RELIEF

Accordingly, SJSS respectfully requests that the Court enter a judgment against Komatsu awarding the following relief to SJSS:

(i) Declaring that SJSS is not required to exercise the purchase option for any of the subject equipment under the Agreements;

(ii) Declaring that SJSS has returned the subject equipment and is only indebted to Komatsu in the amount agreed upon in the Agreements, less any payments already made on behalf of SJSS;

(iii) Declaring that SJSS is not required to pay the difference in the net sale proceeds, which were not based upon commercially reasonable sales;

(iv) Awarding attorneys' fees and costs to SJSS; and

(v) Providing such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, this the 16th day of June, 2023.

        SCOTT JOHNSON SPECIALTY
        SERVICES LLC

By: */s/ Anna Little Morris*
      Anna Little Morris (Miss Bar No. 105299)
      Brian C. Kimball (Miss Bar No. 30637)
      William P. Thomas (Miss Bar No. 102209)
      1020 Highland Colony Parkway, Ste. 1400
      Ridgeland, Mississippi 39157
      (601) 948-5711
      Anna.Morris@ButlerSnow.com
      Brian.Kimball@ButlerSnow.com
      Will.Thomas@butlersnow.com

*Attorneys for Plaintiff*